1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11  MARQUISE BAILEY,

12                              Plaintiff,

13          v.

14

15  CELIA LAUFER DE FELDMAN; and DOES 1
    TO 10,

16                              Defendants.

17

18

Case No.: 2:22-cv-04301-MEMF (SKx)

**ORDER TO SHOW CAUSE WHY THE
COURT SHOULD NOT DECLINE TO
EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFF'S
STATE LAW CLAIMS**

19
20
21
22
23

On June 23, 2022 Plaintiff Marquise Bailey filed a Complaint against Defendants Celia

24  Laufer De Feldman and Does 1 to 10 asserting: (1) a claim for injunctive relief arising out of an

25  alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213; (2) a

26  claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE

27  §§ 51-52 et seq.; (3) a claim for damages pursuant to the California Disabled Persons Act, CAL. CIV.

28  CODE §§ 54 et seq.; (4) a claim for damages and injunctive relief pursuant to the California Health

and Safety Code, CAL. HEALTH & SAFETY CODE §§ 19955 *et seq.*; and (5) a claim for negligence. ECF No. 1.  The Complaint alleges that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the state law claims are brought "pursuant to pendant[sp] jurisdiction." *Id.* at ¶¶ 6–7.

Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute, 28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

California law sets forth a heightened pleading standard for a limited group of lawsuits brought under the Unruh Act. *See* CAL. CIV. PROC. CODE § 425.55(a)(2) & (3). The stricter pleading standard requires certain plaintiffs bringing construction-access claims like the one in the instant case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A "high-frequency litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* CAL. GOV'T CODE § 70616.5.

In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2).

Plaintiff shall file a Response to this Order to Show Cause by three weeks from the date of this Order. The failure to timely or adequately respond to this Order to Show Cause may, without

further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: July 25, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge